# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANITA ELBAKRI, <br> 2840 E 106th St <br> Cleveland, OH 44104 <br><br> Plaintiff, <br><br> vs. <br><br> THE RECEIVABLE MANAGEMENT SERVICES, LLC, a foreign limited liability company <br> c/o CT Corporation System <br> 1300East Ninth Street <br> Cleveland, OH 44114 <br><br> Defendant. | : Case No.: <br><br> : **COMPLAINT** <br><br> : **Jury Demand Endorsed Hereon.** <br> : <br> : <br> : <br> : <br> : <br> : |

**NOW COMES THE PLAINTIFF, ANITA ELBAKRI, BY AND THROUGH COUNSEL**, **GARY HANSZ**, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. Venue is proper in the Northern District of Ohio as the Defendant conducts business in the entire State of Ohio.

1

## PARTIES

3. Anita Elbakri is an individual residing in Cleveland, Ohio in Cuyahoga County.

4. The Receivables Management Services, LLC ("Defendant") is a foreign limited liability company that conducts business in the State of Ohio.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer-type debt allegedly owed by Plaintiff to Progressive in the amount of $548.00 ("the Alleged Debt").

6. Plaintiff disputes the Alleged Debt.

7. On November 15, 2021, Plaintiff obtained her Trans Union credit disclosure and noticed Defendant reporting the Alleged Debt.

8. On November 25, 2021, Plaintiff obtained her Equifax credit disclosure and noticed Defendant reporting the Alleged Debt.

9. On or about December 23, 2021, Plaintiff sent Defendant a letter disputing the Alleged Debt.

10. On February 7, 2022, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed Defendant last reported the tradeline reflected by the Alleged Debt to Equifax and Trans Union on January 3, 2022, and failed or refused to flag the tradeline as disputed, in violation of the FDCPA.

11. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

12. Defendant had more than ample time to instruct Equifax and Trans Union to flag its tradeline as Disputed.
13. Defendant's inaction to have its tradeline on Plaintiff's credit reports flagged as disputed was either negligent or willful.
14. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for her to obtain employment, housing, and credit for her day-to-day needs. Her credit report continues to be damaged due to the Defendant's failure to properly report the associated tradeline. Plaintiff has also suffered, stress, anxiety, and depression due to Defendant's failure to comply with its obligations under the Fair Debt Collection Act.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

15. Plaintiff reincorporates the preceding allegations by reference.
16. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.
17. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue, in this case, is a consumer debt.

3

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692e(8) by using false or misleading representations by failing to flag the Alleged Debt as disputed

20. Plaintiff has suffered harm and damages at the hands of the Defendant has this harm was one that was specifically identified and intended to by protected against on behalf of a consumer, such as the Plaintiff, by Congress.

21. Defendant's failure to flag its collection items on Plaintiff's consumer credit file is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that she has simply ignored this debt when, in fact, she disputes its validity.

22. As direct and proximate cause of the Defendant's failure to flag its tradeline as disputed, Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant for Actual Damages; Statutory Damages; Damages for pecuniary, economic, and emotional damages and loss; Attorney's Fees and the costs of this action.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Dated: May 20, 2022          Respectfully submitted,

*/s/ Gary Hansz*
Gary Hansz, Esq. (Bar #MIP44956)
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Telephone (248) 353-2882
Fax (248) 353-4840
Email – gary.hansz@crlam.com
*Attorney for Plaintiff*
*Anita Elbakri*